IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

BRAD LEE PRUETT, )
)
Petitioner, )
)
) CIV-11-1361-F
v. )
)
JUSTIN JONES, et al., )
)
Respondents. )

SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"), the Petition has been promptly examined, and for the reasons stated below, it is recommended that the Petition be dismissed upon filing as untimely.

In this action, Petitioner is challenging his convictions for (1) trafficking in illegal substances after former conviction of a felony, (2) attempting to manufacture a controlled dangerous substance after former conviction of a felony, (3) possession of a firearm after former conviction of a felony, and (4) failure to obtain a drug stamp after former conviction

of a felony entered in the District Court of Tulsa County, Case No. CF-1997-842.[1] According to Petitioner, he entered a guilty plea to the above-described charges and was convicted on July 21, 1997. For these convictions, he was sentenced to serve an aggregate 20-year term of imprisonment, and he did not appeal the convictions. In May 2011, Petitioner applied for post-conviction relief concerning these convictions, his post-conviction application was denied by the district court in June 2011, and the decision was affirmed by the Oklahoma Court of Criminal Appeals in October 2011. He filed the instant Petition on November 15, 2011.

I. Screening Requirement

Rule 4 of the § 2254 Rules instructs the district courts to review habeas petitions promptly and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." See also 28 U.S.C. § 2243 (district court must screen habeas petition and "forthwith award the writ or issue an order directing respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto"). Additionally, "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." Day v. McDonough, 547 U.S. 198, 209

[1]According to the public records of the Oklahoma Department of Corrections, Petitioner has discharged the two-year sentence entered in Case No. CF-1997-842 for his felony conviction for failure to obtain a drug stamp after former conviction of a felony. http://docapp065p.doc.state.ok.us/servlet/page?_pageid=394&_dad=portal30&_schema=PORTAL30&doc_num=160425&offender_book_id=59507. However, this information is not clear from the face of the Petition, and therefore the undersigned declines to recommend dismissal of Petitioner's challenge to this conviction on jurisdictional grounds.

(2006). However, "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions" and must also consider whether the petitioner would be "significantly prejudiced by the delayed focus on the limitation issue . . . ." Id. at 210. This Supplemental Report and Recommendation provides both fair notice and an opportunity for Petitioner to present his position by filing an objection to the Supplemental Report and Recommendation. Finally, a court may dismiss a § 2254 habeas petition only if the petition is clearly untimely on its face. Kilgore v. Attorney General of Colo., 519 F.3d 1084, 1089 (10th Cir. 2008). An initial review of the Petition shows that the Petition is not timely filed consistent with 28 U.S.C. § 2244(d)(1), and for that reason, it is recommended that the Petition be dismissed upon filing.

II. Concurrent Jurisdiction

As a preliminary matter, Petitioner is challenging convictions imposed in the District Court of Tulsa County, which is located within the jurisdictional confines of the United States District Court for the Northern District of Oklahoma. See 28 U.S.C. § 116(a). Petitioner is incarcerated at the Lawton Correctional Facility, which is located within the jurisdictional confines of this Court. See 28 U.S.C. § 116(c). Under these circumstances, this Court and the Northern District court have concurrent jurisdiction over the instant habeas Petition. See 28 U.S.C. § 2241(d). Although § 2241 gives this Court the discretion to transfer the action to the United States District Court for the Northern District of Oklahoma in the furtherance of justice, the Court should decline to transfer the Petition because it is clear from the face of the Petition that it is not timely filed. A transfer under these circumstances could

give Petitioner false hope and would waste limited judicial resources. See Haugh v. Booker, 210 F.3d 1147, 1150 (10th Cir. 2000)(recognizing transfer to another district court of case "which is clearly doomed" would not further the interest of justice).

III. AEDPA Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, imposes a uniform one-year statute of limitations with respect to the filing of a 28 U.S.C. § 2254 petition by a state prisoner. 28 U.S.C. § 2244(d)(1). As an Oklahoma prisoner seeking federal habeas relief, Petitioner's habeas Petition is governed by the AEDPA's amendments. See Lindh v. Murphy, 521 U.S. 320, 336 (1997)(AEDPA's amendments apply to habeas petitions filed after the AEDPA's effective date of April 24, 1996).

Under 28 U.S.C. § 2244(d)(1)(A), the one-year limitation period generally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending...." 28 U.S.C. §2244(d)(2).

Because Petitioner did not file a motion to withdraw the plea he entered in Case No. CF-1997-842 or timely seek to appeal the plea-based convictions, the convictions became "final" under 28 U.S.C. § 2244(d)(1)(A) on July 31, 1997, ten days after the pronouncement of the judgment and sentence. See Okla. Stat. tit. 22, §1051; Rule 4.2, Rules of the

Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, ch. 18, App. The one-year limitations period for filing a federal habeas petition challenging these convictions expired one year later, on July 31, 1998, absent statutory or equitable tolling exceptions. Petitioner's post-conviction application did not toll the limitations period because it was filed after the limitations period expired. See Fisher v. Gibson, 262 F.3d 1135, 1142-1143 (10th Cir. 2001), cert. denied, 535 U.S. 1034 (2002).

The 28 U.S.C. § 2244(d)(1) limitations period "is subject to equitable tolling in appropriate cases." Holland v. Florida, __ U.S. __, 130 S.Ct. 2549, 2560 (2010). See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998)(one-year limitations period may in rare and extraordinary circumstances "be subject to equitable tolling"). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Extraordinary circumstances that warrant equitable tolling of the limitations period may include "a constitutional violation [that] has resulted in the conviction of one who is actually innocent or incompetent." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998). Equitable tolling may also be appropriate, for instance, "when an adversary's conduct - - or other uncontrollable circumstances - - prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).

In his Petition, Petitioner asserts conclusory claims, unsupported by any factual basis, that his July 1997 plea was invalid because it was induced by a "false promise" and that he received ineffective assistance of counsel in connection with the plea. He admits that the plea was entered as a result of a negotiated agreement with the prosecution and that he was represented by an attorney during plea and sentencing proceedings, although he does not remember the name of the attorney. Petitioner admits that the plea agreement included an amendment to one of the charges to a lesser-included offense and that the charge was amended consistent with the plea agreement before he entered the plea.

Under these circumstances, Petitioner has not made the required showing of factual innocence and there were no extraordinary circumstances beyond Petitioner's control that would excuse his thirteen-year delay in filing a § 2254 habeas petition. Petitioner would have become aware of any alleged violation of the terms of the plea agreement or of his trial counsel's alleged ineffective assistance when the state district court sentenced him in July 1997. Nevertheless, Petitioner waited until May 2011 to seek post-conviction relief in the state courts. In light of this significant delay and Petitioner's failure to diligently pursue his federal claims, equitable tolling is not appropriate. See Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003)("[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims."). Therefore, the Petition should be dismissed as untimely.

RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED upon filing as untimely. Petitioner is advised of his right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by December 19th, 2011, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this 29th day of November, 2011.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE